This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41523**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MONIQUE A. MARTINEZ a/k/a
MONIQUE MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Acting Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

{1}    Defendant Monique Martinez appeals from her convictions on two counts of possession of a dangerous drug, contrary to NMSA 1978, Section 26-1-26 (1987). Defendant argues that the jury was instructed on the misdemeanor level of the offense and the district court erred in sentencing her for two felony counts. She also asserts that the trial court committed plain error by allowing police officers to testify regarding their

experiences with the drugs at issue. We reverse and remand to the district court to correct Defendant's illegal sentence, but otherwise affirm.

## BACKGROUND

**{2}** Defendant was a passenger in a car stopped by police. When an officer searched her bag, he found a bottle containing twenty-three Hydroxyzine (an antihistamine) and two Cyclobenzaprine (a muscle relaxer) pills. These are classified as dangerous drugs and require a prescription.

**{3}** Defendant was charged with two counts of felony possession of dangerous drugs, contrary to Section 26-1-26(A). During the trial, the State submitted proposed jury instructions that instructed the jury only on the lesser included misdemeanor offense of possession of dangerous drugs, contrary to Section 26-1-26(B). The jury found Defendant guilty on both counts. At the sentencing hearing, the district court sentenced Defendant at the felony level. Defendant appeals.

## DISCUSSION

### I.      Illegal Sentence

**{4}** Defendant argues that she was illegally sentenced for felony possession of dangerous drugs when she was convicted only of misdemeanor possession of dangerous drugs. We agree.

**{5}** Under the New Mexico Drug, Device, and Cosmetic Act, NMSA 1978, Section 26-1-16(E) (2013) states that it is unlawful to possess dangerous drugs without a prescription. A *knowing* violation of this section is a fourth-degree felony, *see* § 26-1-26(A), whereas any other violation of that section is a misdemeanor for the first offense, *see* § 26-1-26(B). A single uniform jury instruction is used for both the felony and the misdemeanor versions of possession of a dangerous drug. *See* UJI 14-3106 NMRA. The offenses are distinguished by element 4, which asks the jury to determine whether the defendant knew that the drug at issue was a dangerous drug or required a prescription. *See id.*; *see also id.* use note 5 ("Element 4 distinguishes the penalties as defined in . . . Section 26-1-26(A) and (B). Thus, this instruction may be used to instruct on the lesser included offense defined in Section 26-1-26(B) by removing element 4.").

**{6}** The jury instruction submitted by the State and given to the jury conformed to UJI 14-3106 but did not include element 4. Therefore, Defendant was convicted only of the lesser included offense of misdemeanor possession of a dangerous drug. *See* UJI 14-3106 comm. cmt. ("[E]lement 4, includes the requisite knowledge for Section 26-1-26(A) and instruction without element 4 therefore only supports the penalty defined in Section 26-1-26(B)."). Notwithstanding this, the judgment and sentence reflects that Defendant was convicted of two fourth-degree felonies under Section 26-1-26(A). In light of the jury instructions given at trial, the judgment and sentence must be corrected to reflect that

Defendant was convicted of two misdemeanor offenses under Section 26-1-26(B), and Defendant must be resentenced accordingly.

**{7}** We briefly address, and reject, the State's framing of the issue on appeal as one of instructional error, and its argument that we should remand for another trial on felony possession. This we cannot do. *See State v. Rodriguez*, 2005-NMSC-019, ¶ 7, 138 N.M. 21, 116 P.3d 92 ("[T]he [s]tate cannot subject a defendant to a second prosecution for a greater offense when the defendant has been prosecuted for a lesser included offense, whether the first prosecution resulted in conviction or acquittal."); *see also* NMSA 1978, § 30-1-10 (1963) ("When the indictment, information or complaint charges different crimes or different degrees of the same crime and a new trial is granted the accused, [they] may not again be tried for a crime or degree of the crime greater than the one of which [they were] originally convicted."). A jury properly convicted Defendant of the lessor misdemeanor charge, having been given a correct jury instruction. Regardless of whether the State intended this course of action, the intention of the prosecutor does not amount to an error in the jury instructions requiring a new trial.

**{8}** We vacate Defendant's judgment and sentence and remand for resentencing consistent with Defendant's misdemeanor convictions.

## II.    Plain Error

**{9}** Defendant also argues that the district court improperly allowed lay witnesses to testify about the nature of the drugs at issue, resulting in plain error. Under the plain error standard, we will reverse if the "admission of the testimony constituted an injustice that creates grave doubts concerning the validity of the verdict." *State v. Lucero*, 1993-NMSC-064, ¶ 12, 116 N.M. 450, 863 P.2d 1071 (internal quotation marks and citation omitted). Defendant argues that such doubt exists here because the lay witness testimony solicited by the State from the police officers was incorrect and prejudiced her defense. Defendant's theory of how she was prejudiced is that the State used "incorrect information to portray [Defendant] as a drug addict and to suggest that the drugs at issue were narcotics and considered dangerous drugs *because* they were addictive." Defendant also asserts that she was prejudiced because the false information prevented her from presenting a strong defense. According to Defendant, she gave the jury "viable reasons to believe [she] might have had a prescription for the medications or that they belonged to her companion and not her—conclusions the jury would have been more likely to reach had it not received inaccurate information about the medications at issue (i.e., that they were both muscle relaxers, habit-forming, and addictive)."

**{10}** While the testimony offered by the officers is problematic, it does not amount to plain error in this case. Defendant stipulated below that the drugs at issue "were deemed dangerous drugs by the New Mexico Board of Pharmacy" and "required a prescription." Given this stipulation, the only fact issues in dispute at trial were "whether the medications were [Defendant's] (i.e., whether she possessed them) and whether she had a prescription for them." Defendant indicated to the officers that she did not

have a prescription for Hydroxyzine, leaving only possession and whether Defendant had a prescription for the Cyclobenzaprine for the jury's resolution. The objectionable testimony Defendant complains of went to the dangerousness of the drugs, and not the element of possession or whether Defendant had a prescription for the Cyclobenzaprine. As Defendant concedes on appeal, "whether the drugs were muscle relaxers, habit-forming, or prone to abuse *was not relevant to an element of the offense*." Defendant's conclusory argument fails to persuade us that she suffered prejudice resulting from the officers' brief testimony sufficient to create grave doubts regarding the validity of the verdict.

**CONCLUSION**

**{11}** We vacate Defendant's sentence and remand to the district court for further proceedings in light of this opinion. We otherwise affirm.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**